IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| KAREMETH JOHN HOLIDAY, #1013764 | § § § | |
| v. | § § § § | CIVIL ACTION NO. G-03-623 |
| DOUG DRETKE, DIRECTOR OF TDCJ-CID | § § | |

## REPORT AND RECOMMENDATION

Before the Court is the Petition for a Writ of Habeas Corpus of Karemeth John Holiday, a prisoner in the Texas Department of Criminal Justice - Correctional Institutions Division. The Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. §§ 2241 and 2254. The State has custody of Petitioner pursuant to judgments for aggravated sexual assault of a child, three counts of sexual assault of a child, and indecency with a child entered on November 3, 2000 by the 122nd District Court of Galveston County, Texas. Cause Nos. 99CR1098 - 99CR1102 and 00CR1830. Petitioner was sentenced to concurrent terms of sixty years imprisonment for the aggravated sexual assault and twenty years for the remaining charges.

He appealed his convictions to the Fourteenth Court of Appeals, which affirmed the convictions on March 2, 2002. The Texas Court of Criminal Appeals refused his Petition for Discretionary Review ("PDR") on September 11, 2002. Petitioner did not file a state habeas writ. Instead, he filed his federal writ on August 2, 2003. Respondent has submitted a Motion for Summary Judgment, but Petitioner has failed to respond to the substance of Respondent's claims.

1

Petitioner first alleges that his indictments were defective because they were improperly amended. On direct appeal, the state court found that his trial attorney had failed to properly object to the amendment. *Holiday v. State*, Nos. 14-00-01555-CR - 14-00-01558-CR. When there is an adequate and independent state ground for barring a claim raised in a federal habeas proceeding, a prisoner is barred from asserting the claim unless he can show cause for the default and prejudice. *Styron v. Johnson*, 262 F.3d 438, 453-54 (5th Cir. 2001). Texas' contemporaneous objection rule falls within the category of such state grounds. *Id*. Petitioner has made no showing of cause or prejudice.

The Court therefore **RECOMMENDS** that Respondent's Motion be **GRANTED** on this issue.

Petitioner next complains that the jury instruction on one aggravated sexual assault charge is defective because of confusion concerning the statute of limitations. The issue involves the following jury charge:

> You [jury] are instructed that when an indictment alleges an offense occurred on or about a certain date, it means that the defendant may be convicted if you believe beyond a reasonable doubt that the defendant committed the offense within the period of [the] statute of limitations preceding the filing of the indictment. In this case, the indictment was filed July 22, 1999, and the statute of limitations for the offense of aggravated sexual assault of a child is 10 years after the child's 18th birthday.

Petitioner's objection to this charge is not entirely clear in his Petition. He argued before the appellate court that the instruction made it possible for the jury to ignore the burden of proof concerning the age requirement for aggravated sexual assault in Texas – less than fourteen years of age. He contended that there was no limitations issue before the court at trial, and therefore no instruction was necessary.

The appellate court rejected this argument. Because Petitioner's attorney failed to object to the instruction at trial, Petitioner was required on appeal to demonstrate "egregious harm" to overcome the contemporaneous objection rule. Even assuming the trial court erred, the jury could have convicted

2

Petitioner only by applying a separate portion of the jury charge that did not contain any language concerning a statute of limitations and that also required the jury to find that the victim "was younger than 14 years of age." *Holiday*, *supra*, at 5-6. Since the jury was not relieved of its duty to find the victim younger than fourteen, and since the State was required to show the aggravating element beyond a reasonable doubt, Petitioner did not suffer a harm so severe as to make the trial court's assumed error reversible. *Id*. The appellate court therefore concluded that Petitioner's point was precluded by the failure to object at trial.

Petitioner's federal claim is consequently also barred by the procedural default in state court. *Styron*, 262 F.3d at 453. For the reasons outlined by the appellate court, Petitioner cannot show harm sufficient to overcome the bar, nor has he attempted to do so. The Court therefore **RECOMMENDS** that Respondent's Motion be **GRANTED** on this point.

Finally, Petitioner alleges that he received ineffective assistance of counsel at trial, though his Petition fails to state any specific ground. In his appeal, however, Petitioner claimed that his attorney failed to object to the qualifications of the State's rebuttal witness, Trudy Davis. The issue of ineffective assistance of counsel is governed by the familiar standard of *Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner must demonstrate that his counsel's representation was constitutionally defective and that he was prejudiced by it.

At trial, Davis testified that delayed reporting of sexual assault is common. She also presented credentials that included serving as executive director of the Advocacy Center for Children of Galveston County for three years and having extensive case worker experience for 19 years. The appellate court found that any objection to her testimony would have been futile and that her reliability was sufficiently established under Texas Rule of Evidence 702. His trial lawyer stated at a hearing on a motion for new trial that he did not object because he did not want to give Davis even more time

to tell the jury about delayed reporting of sexual assaults. *Holiday*, *supra*, at 15-17.

In order to prevail on his federal claim, Petitioner must show that the state court's ruling was either contrary to, or involved an unreasonable application of, federal law or that it resulted in a decision based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d)(1)-(2). He has made no attempt to do so, nor could he under these facts. The Court therefore **RECOMMENDS** that the State's Motion be **GRANTED** on this point.

The Court therefore **RECOMMENDS** that Respondent's Motion for Summary Judgment (Instrument No. 15) be **GRANTED** and that the Petition for a Writ of Habeas Corpus of Karameth Holiday (Instrument No. 1) be **DISMISSED**.

The Clerk shall send copies of this Report and Recommendation to the Parties. The Parties shall have until **April 3, 2006,** in which to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on file** in the Office of the Clerk. The Objections shall be mailed to the Clerk's Office in Galveston, Texas 77553 at P.O. Drawer 2300. **Any Objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge"**, which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time shall bar the aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this _____20th_____ day of March, 2006.

_____
John R. Froeschner
United States Magistrate Judge